IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA PETROLEUM, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL NO: 1:22-cv-00372-JAO-WRP (Contract) <br><br> **DECLARATION OF COUNSEL** |

**DECLARATION OF COUNSEL**

I, KARI K. NOBORIKAWA, pursuant to Local Rule 7.6 of the Local Rules of Practice for the United States District Court for the District of Hawaii, hereby declare as follows:

1. I am an attorney duly licensed to practice law before all courts in the State of Hawaii, and I am one of the attorneys for Defendants National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and American Home Assurance Company ("American Home") in the above-entitled matter.

2. I have personal knowledge of the matters discussed herein, and I am competent to testify thereto.

3. This Declaration is submitted in support of Defendants' Motion for Partial Summary Judgment and Concise Statement of Facts in support of said Motion.

4. On March 22, 2021, the City and County of Honolulu and Honolulu Board of Water Supply filed an amended complaint in the lawsuit captioned *City and County of Honolulu v. Sunoco LP et al.*, Civil No. 1CCV-20-0000380, in the Circuit Court of the First Circuit, State of Hawaii, against Aloha Petroleum, Ltd. ("Aloha") and other defendants (the "Honolulu Action").

5. Attached hereto as **Exhibit 15** is a true and correct copy of the First Amended Complaint in the Honolulu Action.

6. On October 12, 2020, the County of Maui filed a lawsuit captioned *County of Maui v. Sunoco LP et al.*, Civil No. 2CCV-20-0000283, in the Circuit Court of the Second Circuit, State of Hawaii, against Aloha and other defendants (the "Maui Action" and together with the Honolulu Action, the "Underlying Lawsuits").

7. Attached hereto as **Exhibit 16** is a true and correct copy of the complaint in the Maui Action.

8. On February 2, 2021, Aloha tendered the Honolulu Action and the Maui Action to National Union under eight Comprehensive or Commercial General Liability policies.

9. On April 19, 2021, National Union denied coverage for the Underlying Lawsuits.

10. On December 1, 2022, Aloha tendered the Honolulu Action and the Maui Action to National Union and American Home under fourteen additional policies, including seven commercial general liability policies and seven umbrella liability policies.

11. On March 13, 2023, National Union and American Home denied coverage for the Underlying Lawsuits.

12. On April 28, 2023, Aloha filed its first amended complaint (the "FAC") in the instant action against National Union and American Home seeking coverage for the Underlying Lawsuits under eight policies issued to Aloha or E-Z Serve, Inc. (Aloha's former parent company) by National Union and four issued by American Home (collectively, the "AIG Policies"), covering portions of the period from February 1, 1984 to April 1, 2010. (ECF 47.) The FAC asserts causes of action for, among other things, breach of the duty to defend and indemnify Aloha for the Underlying Lawsuits, and corresponding declaratory judgment claims. ECF 47 ¶¶ 62-95.

13. At the Parties' request, the Court deferred discovery on the duty to indemnify until after the duty to defend issues are resolved. (See ECF 38, 46, 51.)

14. National Union issued Policy No. GLA 1169215 to E-Z Serve, Inc., effective February 1, 1984 to February 1, 1985.

15. Attached hereto as **Exhibit 1** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GLA 1169215.

16. National Union issued Policy No. GLA 1169253 to E-Z Serve, Inc., effective February 1, 1985 to February 1, 1986.

17. Attached hereto as **Exhibit 2** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GLA 1169253.

18. National Union issued Policy No. GLA 1169292 to E-Z Serve, Inc., effective February 1, 1986 to February 1, 1987.

19. Attached hereto as **Exhibit 3** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GLA 1169292.

20. National Union issued Policy No. GLA 1169326 to E-Z Serve, Inc., effective February 1, 1987 to February 1, 1988.

21. Attached hereto as **Exhibit 4** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GLA 1169326.

22. National Union issued Policy No. GL 1169365 RA to E-Z Serve, Inc., effective February 1, 1988 to February 1, 1989.

23. Attached hereto as **Exhibit 5** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GL 1169365 RA.

24. National Union issued Policy No. GL 1169366 RA to E-Z Serve, Inc., effective February 1, 1988 to February 1, 1989.

25. Attached hereto as **Exhibit 6** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GL 1169366 RA.

26. National Union issued Policy No. GL 2803051 to Aloha, effective April 1, 2008 to April 1, 2009.

27. Attached hereto as **Exhibit 7** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GL 2803051.

28. National Union issued Policy No. GL 0935959 to Aloha, effective April 1, 2009 to April 1, 2010.

29. Attached hereto as **Exhibit 8** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GL 0935959.

30. American Home issued Policy No. GL 3602234 to Aloha, effective April 1, 2004 to April 1, 2005.

31. Attached hereto as **Exhibit 9** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GL 3602234.

32. American Home issued Policy No. GL 0714127 to Aloha, effective April 1, 2005 to April 1, 2006.

33. Attached hereto as **Exhibit 10** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GL 0714127.

34. American Home issued Policy No. GL 6432340 to Aloha, effective April 1, 2006 to April 1, 2007.

35. Attached hereto as **Exhibit 11** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GL 6432340.

36. American Home issued Policy No. GL 6455690 to Aloha, effective April 1, 2007 to April 1, 2008.

37. Attached hereto as **Exhibit 12** is a copy of what the Parties agree for purposes of the Cross-Motions for Partial Summary Judgment is a true and correct copy of Policy No. GL 6455690.

38.     The Insuring Agreements for policy nos. GLA 1169215, GLA 1169253, GLA 1169292, and GLA 1169326 provide:

> The company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as damages because of
>
> A.   **bodily injury** or
> B.   **property damage**
>
> to which this insurance applies caused by an **occurrence** and the company shall have the right and duty to defend any suit against the **Insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

39.     The Insuring Agreements for policy nos. GL 1169365 RA and GL 1169366 RA provide:

> a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.  This insurance applies only to "bodily injury" and "property damage" which occurs during this policy period.  The "bodily injury" or "property damage" must be caused by an "occurrence."  The "occurrence" must take place in the "coverage territory."  We will have the right and duty to defend any "suit" seeking those damages.  But:
>
> (1)   The amount we will pay for damages is limited as described in SECTION III - LIMITS OF INSURANCE;
>
> (2)   We may investigate and settle any claim or "suit" at our discretion; and

      (3)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   b.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

   c.    "Property damage" that is loss of use of tangible property that is not physically injured shall deemed to occur at the time of the "occurrence" that caused it.

40.    The Insuring Agreements for policy nos. GL 2803051, GL 0935959, GL 0714127, GL 6432340, and GL 6455690 provide:

   a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      **(2)**    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverage **A** and **B**.

   b.    This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II -** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

 **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

41. The Insuring Agreement for Policy No. GL 3602234 provides:

 **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

  **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

  **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

 No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverage **A** and **B**.

 **b.** This insurance applies to "bodily injury" and "property damage" only if:

  **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

  **(2)** The "bodily injury" or "property damage" occurs during the policy period.

 **c.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury[.]"

42. The Conditions/Definitions in GLA 1169253 at EZSERVE000004 apply to each of the Policy Nos. GLA 1169215, GLA 1169253, GLA 1169292, and GLA 1169326. "Occurrence" is defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured[.]"

43. Policy Nos. GL 1169365 RA, GL 1169366 RA, GL 2803051, GL 0935959, GL 3602234, GL 0714127, GL 6432340, and GL 6455690 define "Occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

44. The Conditions/Definitions in GLA 1169253 at EZSERVE000004 applies to each of the Policy Nos. GLA 1169215, GLA 1169253, GLA 1169292, and GLA 1169326. "Property damage" is defined as "(1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period[.]"

45. Policy Nos. GL 1169365 RA and GL 1169366 RA define "property damage" as:

    a. Physical injury to tangible property including all resulting loss of use of that property; or

    b. Loss of use of tangible property that is not physically injured.

46. Policy Nos. GL 2803051, GL 0935959, GL 3602234, GL 0714127, GL 6432340, and GL 6455690 define "property damage" as:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.[4]

47. Policy Nos. GLA 1169215 and GLA 1169253 provide that the insurance "does not apply: . . . (f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental[.]"

48. Policy Nos. GL 1669365 RA and GL 1669366 RA provide:

IN CONSIDERATION OF NO CHANGE IN PREMIUM IT IS AGREED THAT THERE IS NO COVERAGE FOR POLLUTION AS REGARDS THE FOLLOWING: NON-SUDDEN OR GRADUAL EMISSIONS OF POLLUTANTS (OTHER THAN WASTE):

A. ARISING OUT OF THE PRODUCT/COMPLETED OPERATIONS HAZARD;

---

[4] Certain of these policies also include statements regarding whether electronic data would be considered tangible property, but such statements are irrelevant for the purpose of this dispute.

  B. OCCURRING AWAY FROM INSURED PREMISES IN CONNECTION WITH ONGOING OPERATIONS IF:

    (1) THE POLLUTANTS WERE NOT BROUGHT ON THE SITE IN CONNECTION WITH OPERATIONS, AND

    (2) OPERATIONS DO NOT INVOLVE THE CLEAN UP, CONTAINMENT, ETC. OF POLLUTANTS.

ALL OTHER TERMS AND CONDITIONS REMAIN THE SAME.

49. Policy Nos. GL 1169365 RA and GL 1169366 RA provide:

a. "Products-completed operations hazard" includes all bodily injury and "property damage" occurring away from the premises you own or rent and arising out of "your product" except:

  (1) Products that are still in your physical possession; or

  (2) Work that has not yet been completed or abandoned.

b. "Your work" will be deemed completed at the earliest of the following times:

  (1) When all of the work called for in your contract has been completed.

  (2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

  (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

c. This hazard does not include "bodily injury" or "property damage" arising out of:

  (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the "loading or unloading" of it;

13

  (2) The existence of tools, uninstalled equipment or abandoned or unused materials;

  (3) Products or operations for which the classification in this Coverage Part or in our manual of rules includes products or completed operations.

"Your product" is defined as:

a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

  (1) You;

  (2) Others trading under your name; or

  (3) A person or organization whose business or assets you have acquired; and

b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products[.]

"Your product" includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in a. and b. above.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

"Your work" is defined as:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in a. or b. above.

50. Policy Nos. GL 2803051 and GL 0935959 provide that:

This insurance does not apply to:

**f.     Pollution**

**(1)**   "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

This exclusion does not apply to:

**(a)**   "Bodily injury" if sustained within a building which is or was at any time owned or occupied by, or rented or loaned to, any insured and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guest; or

**(b)**   "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire" unless that "hostile fire" occurred or originated:

**(i)**   At any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste; or

**(ii)**   At any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or in any way respond to, or assess the effects of, "pollutants".

**(2)**   Any loss, cost or expense arising out of any:

**(a)**   Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**(b)**   Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in

15

     any way responding to, or assessing the effects of, "pollutants[.]"

 51. Policy Nos. GL 3602234, GL 0714127, GL 6432340, and GL 6455690 provide that:

 This insurance does not apply to:

 **f.** **Pollution**

 **(1)** "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

 **(2)** Any loss, cost or expense arising out of any:

  **(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

  **(b)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants[.]"

 52. Policy Nos. GL 1169365 RA, GL 1169366 RA, GL 2803051, GL 0935959, GL 3602234, GL 0714127, GL 6432340, and GL 6455690 define "Pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

DATED: Honolulu, Hawai, June 2, 2023.

/s/ Kari K. Noborikawa
KARI K. NOBORIKAWA